THATCHER MILLING & ELEVATOR CO. v. CAMPBELL.

No. 4188.  Decided December 2, 1924.  (231 Pac. 621.)

1.  SALES—COUNTERCLAIM IN ACTION FOR PURCHASE PRICE HELD PLEA OF IMPLIED WARRANTY OF REASONABLE FITNESS. In action for price of wheat purchased for poultry feed, counterclaim for damages for death and injury of hens and loss in egg production, in consequence of wheat being moldy, *held* not one sounding in tort, not pleaded as arising from transaction alleged in complaint, nor connected with subject of action, but plea of implied warranty of reasonable fitness of goods for purpose for which required, within Uniform Sales Act (Comp. Laws 1917, § 5124, subd. 1).

2.  APPEAL AND ERROR—INSTRUCTION TO AWARD ENTIRE AMOUNT OF COUNTERCLAIM HELD NOT PREJUDICIAL NOR MISLEADING IN VIEW OF LESSER AMOUNT AWARDED. Instruction to award "entire amount, not to exceed amount prayed for in defendant's counterclaim," for $625, which plaintiff claimed was excessive, *held* not prejudicial nor misleading, in view of verdict for $250.

3.  SALES—VERDICT FOR $250 ON COUNTERCLAIM FOR DEATH OF AND DAMAGE TO HENS HELD NOT EXCESSIVE. In action for purchase price of poultry feed, verdict for $250 on counterclaim for death of 105 hens worth $1.50 each for laying purposes, and damage to 225 others, which were sold for 75 cents each, according to undisputed evidence, *held* not excessive.

Appeal from District Court, First District, Cache County; *M. C. Harris*, Judge.

Action by the Thatcher Milling & Elevator Company against Hyrum A. Campbell. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*J. C. Walters,* of Logan, for appellant.

*Jesse P. Rich,* of Logan, for respondent.

WEBER, C. J.

Plaintiff sued for $149.86 for wheat sold and delivered by it to defendant. As a counterclaim, defendant pleaded that plaintiff had furnished him moldy wheat, unfit for feeding poultry, for which purpose it was purchased by defendant, and that by reason of being fed this moldy wheat 105 of defendant's hens died, 225 others became worthless for laying purposes, and the entire flock lost in egg production, in all to defendant's damage in the sum of $626.25. The jury found in favor of defendant on his counterclaim. Plaintiff appeals.

The facts are: Plaintiff sold defendant moldy wheat, which killed and injured hens of defendant's flock to the number named in the counterclaim. Defendant did not know the wheat was moldy, and relied upon the judgment of plaintiff, who assured him that the wheat furnished him was good wheat and fit for poultry feed. Defendant's hens were worth $1.50 each.

Plaintiff assigns as error the overruling of a demurrer to the counterclaim, contending that it is one sounding in tort and not pleaded as arising out of the transaction set forth in plaintiff's complaint as the foundation of plaintiff's claim, nor one connected with the subject of the action.

The facts set forth in the counterclaim constitute an implied warranty. We find nothing in *Wright* v. *Howe,* 46 Utah, 588, 150 P. 956, L. R. A. 1916B, 1104, relied upon by appellant, that is inconsistent with the ruling of the

trial court in holding that the counterclaim pleaded an implied warranty, which is defined in the Uniform Sales Act. It is decisive of the question raised. Subdivision 1 of section 5124, tit. 98, c. 1, Comp. Laws Utah 1917, is:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose.'"

"The entire amount, not to exceed the amount prayed for in defendant's counterclaim" (being the last clause in an instruction relating to damages), is complained of as being erroneous for the reason that the amount claimed in the counterclaim was $625, which plaintiff· claims was more than the original value of the hens. The jury assessed defendant's damages at $250. Clearly the instruction was in no manner prejudicial or in any manner misleading. Nor are we impressed with the argument that the verdict is excessive. One hundred and five hens died. They were shown to be worth on the market, for laying purposes $1.50 each; that made $157.50; 225 were damaged, and as a consequence were sold at 75 cents each; that made a loss of $168.75—total loss on chickens that died and were injured $362.25. According to the evidence, the loss in egg production was nearly $300. Leaving out the loss of egg production, the loss allowed was still less than that shown by the undisputed evidence on the hens that died and those injured so they had to be sold to the butcher; the amount found by the jury being $250, which, less plaintiff's claim, left the judgment at $100.14, which is hereby affirmed with costs.

GIDEON, FRICK, and CHERRY, JJ., and McCREA, District Judge, concur.

THURMAN, J., did not participate herein.